## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                    In Proceedings
                                                          Under Chapter 7
ALEX A. MANUEL,

                                                          Case No. 17-60450

          Debtor(s).

OPINION

      The issue before the Court is whether a nonrefundable child tax credit is exempt under Illinois law as a public assistance benefit.   The relevant facts, set forth below, are based on the record in this case and on the representations contained in the Trustee's Findings of Facts and Conclusions of Law.  Counsel for the Debtor did not file any findings nor has he disputed the facts as set forth by the Trustee.

      According to the Debtor's 2017 tax returns, Debtor was owed a federal tax refund in the amount of $4,916.00 and an Illinois tax refund in the amount of $239.00.  A portion of the federal tax refund was generated by a Child Tax Credit ("CTC") claimed by the Debtor in the amount of $1,000.00.  It is unclear whether the Debtor also claimed an Additional Child Tax Credit ("ACTC"), although the Trustee suggests in paragraph 9 of his Findings and Conclusions that part of the tax refund did include an ACTC.[1]  Neither party has clarified this point.  For purposes of this decision, however, it is irrelevant whether the Debtor claimed an ACTC.  The limited question before the Court is whether the Debtor may exempt a CTC as a public assistance benefit.

---

[1] In paragraph 9, the Trustee states that the Debtor was only entitled to an exemption of $918.00 in the total 2017 tax refund, "which was limited to the Earned Income Credit and the Additional Child Tax Credit."

In February 2018, the Trustee advised Debtor's counsel that $1,683.21 was owed to the bankruptcy estate, and that the calculation of this amount did not include a deduction for the CTC.  The Debtor subsequently filed an amended Schedule A/B, listing a 2017 federal tax refund in the amount of $4,351.00 and an Illinois tax refund in the amount of $212.00.  At the same time, the Debtor filed an amended Schedule C, exempting $1,697.00 of the federal refund and $114.00 of the Illinois refund under 735 ILCS 5/12-1001(g)(1). That statute exempts from judgment, attachment or distress for rent "[t]he debtor's right to receive … a social security benefit, unemployment compensation, or public assistance benefit."  The Debtor contends that the CTC is exempt from the bankruptcy estate as a "public assistance benefit" and therefore should be deducted from the amount of the tax refunds owed to the estate.[2]

The Trustee disagrees with the Debtor's position.  To recover the amounts he believes are owed to the estate, the Trustee filed an Amended Motion for Turnover and an Amended Objection to Amended Exemptions.  The Trustee seeks an order requiring the Debtor to turn over $1,475.90 from his federal tax refund; $97.52 from his Illinois refund; and $109.96 from the non-exempt equity in a USAA Federal Savings bank account.  The Trustee asserts that while the $918.00 Earned Income Credit ("EIC") is exempt as a public assistance benefit, the nonrefundable CTC is not.

Counsel for the Debtor did not file a written response to either the Amended Motion for Turnover or the Amended Objection to Amended Exemptions.  A hearing on both matters was held on June 13, 2018.  At that time, Debtor's counsel announced, for the first time, that he "had a case" supporting the Debtor's position that a CTC is exempt in Illinois as a public assistance

---

[2] The Debtor also claimed $2,062.33 of the federal refund as exempt pursuant to735 ILCS 5/12-1001(b), which allows an exemption of the debtor's equity interest, not to exceed $4,000.00, in any other property.  That exemption is not at issue in this case.

2

benefit.  Counsel had not previously apprised either the Court or the Trustee of the case, thereby necessitating a continuance of the hearing.  The Court directed Debtor's counsel to provide a copy of the case to the Trustee,[3] and also granted the Trustee 21 days to file a response.

On June 28, 2018, approximately 15 days after the hearing, the Trustee filed Findings of Fact and Conclusions of Law in response to the case submitted by Debtor's counsel.  On July 31, 2018, the Court rescheduled the hearing on the trustee's Amended Motion for Turnover and Amended Objection to Amended Exemptions for August 29th.  Despite having two months to respond to the Trustee's Findings and Conclusions (and to rebut the arguments and authority set forth therein), Debtor's counsel did not file any written response or reply.  When the Court mentioned this fact at the August 29th hearing, counsel replied that he didn't know he was required to do so.  The Court asked counsel whether he would like additional time to file a written response to the Trustee's arguments, but counsel declined, stating that he had nothing further to offer.

The Internal Revenue Code allows parents under a certain income threshold[4] to claim a nonrefundable CTC of $1,000.00 per qualifying child.  26 U.S.C. § 24(a).[5]  The CTC is used as a credit in calculating the amount of incomes tax actually paid by the taxpayer.  Under the

---

[3] At the hearing, Debtor's counsel provided the case name, the court deciding the case and the date of the decision, but was unable to provide the official case citation.

[4] "Threshold amount" means "(A) $110,000 in the case of a joint return, (B) $75,000 in the case of an individual who is not married, and (C) $55,000 in the case of a married individual filing a separate return."  26 U.S.C. §24(b)(2).

[5] To be a qualifying child, the following requirements must be satisfied: (1) the child must be under the age of 19 at the end of the tax year; (2) the child must be a citizen or resident of the United States; (3) the child must not have provided over half of his or her own support for the tax year; (4) the child must live with the taxpayer for more than half of the tax year; and (5) the child must be the taxpayer's child or a descendant of such a child (e.g., a grandchild), a brother, sister, stepbrother or stepsister of the taxpayer or a descendant of any such relative.  26 U.S.C. §152.  In the instant case, the Debtor's schedules indicate that his dependent child does not live with him.  It is not up to this Court, however, to decide whether the Debtor's tax return was filed correctly.

circumstances set forth in 26 U.S.C. § 24(d), the taxpayer may also be entitled to claim an ACTC. In short, the ACTC is a refundable credit payable to qualifying taxpayers and is calculated based on the amount of the CTC not used to offset the taxpayer's tax liability. *See* 26 U.S.C. § 24(d)(1).

The case on which the Debtor relies is *In re Vazquez*, 516 B.R. 523 (Bankr.N.D.Ill. 2014). In *Vazquez*, the court allowed the Debtor to claim a $3,000.00 CTC exempt as a public assistance benefit under 735 ILCS 5/12-1001(g)(1). The court pointed out that "legislative changes have significantly changed the [child tax] credit, transforming it from a nonrefundable credit … to a partially refundable credit…." *Id.* at 527 (citing Margot L. Crandall-Hollick, *The Child Tax Credit: Current Law and Legislative History,* CONGRESSIONAL RESEARCH SERVICE, March 25, 2013 (www.crs.gov, 7-5700, R41873)). The *Vazquez* court also adopted a broad definition of "public assistance benefit," stating in part that "[c]ourts should not assume that exemptions, or any other form of public assistance, should benefit lower income individuals only." *Id.* at 527.

Debtor's counsel did not provide any in-depth explanation of the holding and reasoning in *Vazquez*, nor did counsel offer any argument as to why *Vazquez* applies to the instant case. At the June 13, 2018 hearing, counsel stated only that the decision in *Vazquez* "had to do with changes in the Internal Revenue Code," and that under the current Code, a CTC may be refundable in certain circumstances. Counsel did not cite or explain the relevant Code provisions and/or changes, did not elaborate on the significance of a CTC being refundable or nonrefundable, and did not address why the Court should adopt a broad definition of "public assistance benefit." Moreover, counsel did not provide a copy of the Debtor's tax return, leaving

the Court to wonder how the refund was even generated.  In other words, counsel left it up to the Court to discern the relevant facts, calculations and legal arguments.  The Court will not do so.

The Trustee relies primarily on *In re Woodside*, 538 B.R. 518 (Bankr.C.D.Ill. 2015) to support his position that a CTC is not exempt as a public assistance benefit.  Before reaching the exemption question, *Woodside* first addressed whether a CTC is property of the bankruptcy estate.  The court held that because a nonrefundable CTC is a credit used only to reduce a taxpayer's liability, it is not "property" that is either garnishable or exemptible, *i.e.*, it is not estate property.   *Id.* at 523.   In contrast, the court explained, a refundable ACTC *is* estate property:

> Refundable credits are a different story.  The ACTC's refundable nature means that a taxpayer has a statutory right to receive a refund that exceeds his tax payments if certain conditions are met, including that the CTC is not fully used up to offset tax liability. The fact that the taxpayer's entitlement to the refund is contingent does not matter, as contingent payment rights are nonetheless property of the estate.  The clear majority rule is that debtors have a contingent interest in the ACTC refund for the tax year during which the bankruptcy petition was filed and that the prepetition portion of the refund is property of the estate…. The entitlement to a payment is the aspect of the ACTC that makes it a property interest, whereas the lack of such entitlement is what means the CTC is not an interest in property and does not become property of the estate upon the bankruptcy filing.

*Id.* (citations omitted).  The Court went on to hold that even if a CTC could be considered estate property, it is not exempt in Illinois as a public assistance benefit.  *Id.* at 523-26.

In the instant case, neither party has raised the question of whether a CTC is property of the estate.  The Court assumes that in this case, the CTC *is* property of the estate, especially since the Debtor's tax refund was generated in part by that credit.   The only question the Court must now decide is whether a CTC is exempt from the estate as a public assistance benefit.   The

5

Court respectfully disagrees with the *Vazquez* decision and instead, adopts the reasoning and holding in *Woodside* that a CTC is not a public assistance benefit.

In analyzing the meaning of "public assistance," the *Woodside* court emphasized that not every tax deduction and credit amounts to public assistance, and that "[r]efundability is the key distinction." *Id*. at 526. According to the court:

> Every deduction and credit available in the Internal Revenue Code, by definition, provides a financial benefit to taxpayers eligible to claim such deductions and credits. But every deduction and credit does not amount to public assistance. A purpose to benefit needy or lower income families is what distinguishes government benefits that can legitimately be classified as public assistance from those benefits that cannot be so classified. Moreover, the term *public* assistance implies the use of government funds or resources. Since the nonrefundable CTC facilitates a refund only of funds the taxpayer previously paid in, while the refundable ACTC pays out general revenues, only the ACTC may properly be characterized as *public* assistance.

*Id*. (emphasis in original). The court also relied on a decision from this District, *In re Fish*, 224 B.R. 82 (Bankr.S.D.Ill. 1998). In *Fish*, Judge Meyers held that another type of tax credit – the Earned Income Credit - was exempt as a public assistance benefit under 735 ILCS 5/12-1001(g)(1). Judge Meyers emphasized that one of the purposes of the EIC was to provide relief for low income families. "A finding that earned income credits are a form of public assistance, and therefore exempt from the reach of creditors, clearly furthers this purpose." *Id*. at 84.

The *Woodside* court agreed with Judge Meyers, finding that the term public assistance, "both as a matter of general usage and as used by the Illinois Legislature, contemplates financial aid to *lower income individuals and families*." *In re Woodside*, 538 B.R. at 524 (emphasis added). The court expressly disagreed with the reasoning in *Vazquez* that government subsidies received by higher income individuals – such as loans and grants - also could be characterized as

public assistance.  *Id.* at 525.    According to the court, *Vazquez* disregarded the dictionary definition of public assistance as government aid to needy, aged or disabled persons and to dependent children.  *Id.*  Furthermore, *Vazquez* did not analyze the *Fish* decision or consider the established use of "public assistance" in the Illinois Public Aid Code.  *Id.*

This Court agrees that a CDC is not a form of public assistance that may be exempted under 735 ILCS 5/12-1001(g)(1).  As explained in *Fish* and *Woodside*, "public assistance" is intended to provide relief to low income individuals and families.   The Court declines to adopt a definition of public assistance that includes *any* governmental payment or tax credit, regardless of income level.[6]   While the CTC is available to low income families, it also provides a tax benefit to middle and upper income families.  This is evidenced by the higher income phase-out levels for the CTC set forth in 26 U.S.C. § 24(b)(2).  *See supra* note 3.  As such, it is not a public assistance benefit.   The Trustee's Amended Motion for Turnover is GRANTED and the Trustee's Amended Objection to Amended Exemptions is SUSTAINED.

See Order entered this date.

ENTERED: October 2, 2018

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE

---

[6] For example, as the court in *Woodside* noted, tax credits available to a taxpayer who purchases an electric car or installs solar panels are not considered public assistance benefits.

7